IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORGE Y. BONILLA MESA, | Civil No. 3:23-cv-1209 |
| Petitioner | (Judge Mariani) |
| v. | |
| WARDEN BARRAZA, | |
| Respondent | |

## MEMORANDUM

Petitioner Jorge Bonilla Mesa ("Mesa") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the Federal Bureau of Prisons' ("BOP") "crime of violence" designation of his conviction for carrying a short-barreled shotgun during and in relation to a drug trafficking crime or crime of violence in violation of 18 U.S.C. § 924(c). (Doc. 1). For the reasons set forth below, the Court will deny the habeas petition.

### I. Background

Mesa is serving an aggregate 240-month term of imprisonment imposed by the United States District Court for the Southern District of Florida for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846; conspiracy and attempt to interfere with commerce by threats or violence, in violation of 18 U.S.C. § 1951(a); and carrying a short-barreled shotgun during and in relation to a drug trafficking crime/crime of violence, in violation of 18 U.S.C. § 924(c). (Doc. 12-1, pp. 5-8, Public Information Inmate

Data). His projected release date is September 3, 2027, via good conduct time release. (*Id.* at pp. 5, 8).

Mesa is currently serving a sentence for what the BOP deems a crime of violence—a conviction under § 924(c) for carrying a firearm in relation to a drug crime or crime of violence. Under the belief that the BOP improperly determined that his § 924(c) conviction was a crime of violence based on the Supreme Court's decision in *United States v. Taylor*, 596 U.S. ----, 142 S. Ct. 2015 (2022), Mesa filed administrative remedies with FCI-Allenwood asking them no longer categorize his § 924(c) offense as a crime of violence. (Doc. 1-3). These requests and Mesa's subsequent appeals were denied. (*Id.*). Mesa now seeks to use his § 2241 habeas petition to challenge the BOP's interpretation of what constitutes a crime of violence. (Doc. 1). Mesa further argues that, based on the categorization of his § 924(c) conviction as a crime of violence, the BOP has improperly deemed him ineligible to receive time credits under the First Step Act ("FSA"). (*Id.* at p. 6). He seeks an order from this Court directing the BOP "not to categorize 924(c) as a crime of violence" and seeks application of his First Step Act time credits towards his early release. (*Id.* at p. 7).

II.     **Discussion**

    A.     **Mesa's challenge to the BOP's "crime of violence" designation of his § 924(c) conviction is not a cognizable claim under § 2241**

A habeas petition brought pursuant to § 2241 is the proper vehicle for an inmate to challenge "the fact or length of confinement" or the "execution" of the confinement. *See*

*Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241-42 (3d Cir. 2005). In determining whether the Court has jurisdiction over the claims in a § 2241 petition, the Court must consider whether granting the petition would "necessarily imply" a change to the fact, duration, or execution of the petitioner's sentence. *See Mabry v. Warden Allenwood FCI Low*, 747 F. App'x 918, 919 (3d Cir. 2019) (quoting *McGee v. Martinez*, 627 F.3d 933, 936 (3d Cir. 2010)).

As to Mesa's challenge to his custody classification in which he claims that the BOP has wrongly categorized his § 924(c) conviction as a crime of violence, the Court lacks jurisdiction over such a challenge, because it is "unrelated to the execution of his sentence" and is simply a "garden variety" challenge to his classification. *See Mabry*, 627 F.3d at 919 (affirming dismissal of § 2241 petition in which petitioner sought to challenge his custody classification). Specifically, in order for Mesa to state a cognizable claim regarding his custody classification, he would need to demonstrate that granting the petition would "necessarily imply" a change to the fact, duration, or execution of the petitioner's sentence. *See id.* (citing *McGee*, 627 F.3d at 936). Mesa's claim that the BOP incorrectly designated his § 924(c) conviction as a "crime of violence" would not "necessarily imply" a change to the fact, duration, or execution of his sentence.

To the extent that Mesa is cryptically arguing that his § 924(c) conviction is invalid in light of *Taylor*, this claim is properly considered under § 2255, not § 2241. In *Taylor*, 142 S. Ct. at 2025-26, the Supreme Court held that attempted Hobbs Act robbery does not qualify

3

as a crime of violence under § 924(c)(3)(A).  This Court lacks jurisdiction to decide that claim.  In *Jones v. Hendrix*, 599 U.S. 465 (2023), the Supreme Court explicitly held that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Id.* at 471.  Here, Mesa previously filed a § 2255 motion in the sentencing court that was addressed on the merits and denied.  *See Mesa v. United States*, No. 1:11-cv-23750 (S.D. Fla.); *see also United States v. Mesa*, 1:10-cr-20661 (S.D. Fla.).  Accordingly, pursuant to *Jones*, Mesa may not seek relief from his conviction based upon an intervening change in statutory interpretation in this § 2241 petition.  *See Jones*, 599 U.S. at 471.  If Mesa wants to file a second or successive § 2255 motion, he must satisfy the stringent standards set forth in 28 U.S.C. § 2255(h).  For these reasons, the § 2241 petition must be dismissed.

> **B.    Mesa's § 924(c) conviction renders him ineligible to receive FSA Time Credits**

Respondent alternatively argues that Mesa's habeas petition must be denied because the BOP properly determined that he is ineligible to receive FSA Time Credits because his § 924(c) conviction is a disqualifying offense under the FSA.  (Doc. 12, pp. 7-8).

The FSA allows eligible inmates who successfully complete evidence-based recidivism reduction programs or productive activities to receive time credits to be applied toward time in prerelease custody or supervised release.  *See* 18 U.S.C. § 3632(d)(4)(A),

4

(C). An inmate can earn ten (10) days of credit for every thirty (30) days of successful participation. *See id.* § 3632(d)(4)(A)(i). Furthermore, eligible inmates assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn five (5) additional days of time credit for every thirty (30) days of successful participation, for a total of fifteen (15) days' time credit per thirty (30) days' successful participation. *See id.* § 3632(d)(4)(A)(ii).

The FSA contains multiple eligibility requirements, including an extensive list of convictions that render a prisoner ineligible to earn time credits. *See id.* § 3632(d)(4)(D). If time credits under the FSA are properly earned by an eligible inmate, application of those time credits to a prisoner's sentence is governed by 18 U.S.C. § 3624(g). Among other requirements, to be eligible for application of earned time credits, a prisoner must: (1) have earned time credits "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment"; (2) demonstrate through periodic risk assessments a recidivism risk reduction or maintain a "minimum or low recidivism risk" during the term of imprisonment; (3) have had the remainder of his term of imprisonment computed; and, (4) as pertains to prerelease custody, have been determined under the System to be a minimum or low risk to recidivate pursuant to the last two reassessments of the prisoner or have had a petition to be transferred to prerelease custody approved by the warden of the prison. *See id.* § 3624(g)(1); *see also* 28 C.F.R. § 523.44(b), (c).

Respondent asserts that Mesa is ineligible for earned time credits under the FSA because he has been convicted of a disqualifying offense listed in § 3632(d)(4)(D). 18 U.S.C. § 3632(d)(4)(D) provides that: "[a] prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law: ... Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 3632(d)(4)(D)(xxii). Mesa was convicted of carrying a short-barreled shotgun during and in relation to a drug trafficking crime/crime of violence in violation of 18 U.S.C. § 924(c).

The Court finds that the BOP properly found that Mesa is ineligible for earned timed credits under the FSA based on his disqualifying offense. This conclusion is bolstered by the relevant regulations, which plainly state that: "[i]f the inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. § 3632(d)(4)(D), the inmate is not eligible to earn FSA Time Credits." 28 C.F.R. § 523.41(d)(2). Because Mesa was convicted of an offense enumerated in 18 U.S.C. § 3632(d)(4)(D), the BOP properly deemed him ineligible for earned time credits under the FSA. *See* 18 U.S.C. § 3632(d)(4)(D)(xxii). Thus, he is statutorily ineligible to receive earned time credits under the FSA and his § 2241 petition must be denied.

## III. Conclusion

The Court will deny the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). A separate Order follows.

_____
Robert D. Mariani
United States District Judge

Dated: October 10, 2023